# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:16-cv-83-RJC

| | |
|---|---|
| **In re:** | )<br>) |
| **EARNESTINE KASEY,** | )<br>) |
| Debtor. | )<br>) |
| _____ | ) **ORDER** |
| **EARNESTINE KASEY,** | )<br>)<br>) |
| Appellant, | )<br>) |
| v. | )<br>) |
| **STATE EMPLOYEES CREDIT UNION**<br>**and WARREN L. TADLOCK,** | )<br>)<br>) |
| Appellees. | )<br>) |

**THIS MATTER** comes before the Court sua sponte. Appellant Earnestine Kasey ("Appellant") filed her Notice of Appeal from Bankruptcy Case number 16-30008 on February 17, 2016. (Doc. No. 1). However, Appellant failed to file her designation of the items to be included in the record on appeal and a statement of the issues to be presented. (Doc. No. 2). On March 11, 2016, this Court entered an Order directing Appellant to file her designation of record and statement of the issues or provide the Court with good cause explaining her failure to do so within seven (7) days of that Order. (Doc. No. 3). The Order also warned Appellant that if she failed to remedy this deficiency or failed to provide good cause to explain the deficiency within seven (7) days, her appeal would be dismissed without further notice. (Id. at 2). Appellant has failed to file the appropriate designation of record and a statement of the issues, and the time for doing so has expired. This Court now considers whether Appellant's failure to comply with

Federal Rule of Bankruptcy Procedure 8009 warrants dismissal of the appeal under Federal Rule of Bankruptcy Procedure 8003(a).

Federal Rule of Bankruptcy Procedure 8009(a)(1) requires an appellant to "file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within fourteen (14) days after the appellant files her notice of appeal. Rule 8009(b)(1) also requires the appellant to order, within fourteen (14) days of filing the notice of appeal, "a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal, and file a copy of the order with the bankruptcy clerk; or file with the bankruptcy clerk a certificate stating that the appellant is not ordering a transcript." Rule 8003(a)(2) states that a "failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Therefore, "[i]f an appellant violates one of the rules of bankruptcy procedure, the district court may dismiss the appeal." In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997).

Before a district court may dismiss an appeal pursuant to Rule 8003(a), "it must take at least one of the following steps: 1) make a finding of bad faith or negligence; 2) give the appellant notice and an opportunity to explain the delay; 3) consider whether the delay had any possible prejudicial effect on the other parties; or 4) indicate that it considered the impact of the sanction and available alternatives." Id. The Fourth Circuit has observed that "the sanction of dismissal for failure to comply with a non-jurisdictional, procedural guideline . . . [is] a harsh sanction which a district court must not impose lightly." In re Serra Builders, Inc., 970 F.2d 1309, 1311 (4th Cir. 1992). However, as the Fourth Circuit demonstrated in Serra Builders, an appellant's negligent failure to comply with procedural requirements may lead to dismissal of the

entire appeal.  See id. (upholding the district court's dismissal of the appeal because appellant negligently filed the designation of record fifteen days late).

In the present case, Appellant filed her Notice of Appeal from the Bankruptcy Court on February 17, 2016.  (Doc. No. 1).  On March 9, 2016, the Bankruptcy Clerk notified this Court that Appellant had failed to file the designation of the items to be included in the record on appeal and a statement of the issues to be presented as required by the Federal Rules of Bankruptcy Procedure.  (Doc. No. 2).  Thereafter, this Court issued an Order directing Appellant to file her designation of record or provide this Court with good cause explaining her failure to do so.  (Doc. No. 3).  As of March 25, 2016, 37 days since filing her Notice of Appeal, Appellant has failed to take any action in this matter.  This period of time exceeds the fourteen days allotted for filing a designation.  The Court has given Appellant notice and an opportunity to explain her delay, and Appellant has failed to respond.  The Court finds that Appellant has acted negligently by not filing her designation of record and that this delay has had a prejudicial effect on the other parties.  After considering the impact of the sanction and available alternatives, the Court finds that Appellant's appeal must be **dismissed**.

**IT IS, THEREFORE, ORDERED** that Appellant's appeal from Bankruptcy Case number 16-30008 shall be **DISMISSED**.  The Clerk of Court is directed to close this matter and advise the Bankruptcy Court in writing of the dismissal of this appeal.

Signed: March 29, 2016

Robert J. Conrad, Jr.
United States District Judge